## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PLUMBERS AND PIPEFITTERS LOCAL     :   CIVIL ACTION
UNION NO. 74 ANNUITY PLAN,           :   NO. 07-CV-
PLUMBERS AND PIPEFITTERS LOCAL     :
NO. 74 WELFARE PLAN, AND PLUMBERS    :
AND PIPEFITTERS LOCAL UNION NO. 74     :
PENSION PLAN (formerly the PIPEFITTERS   :
LOCAL UNION NO. 80 AND EMPLOYERS     :
JOINT PENSION FUND), and SCHOLARSHIP   :
FUND OF THE PLUMBERS AND PIPEFITTERS :
LOCAL UNION NO. 74                          :
c/o Gem Group                                   :
Brandywine Corporate Center                :
650 Naamans Road, Suite 303               :
Claymont, DE 19703                      :
                                        :

         and                             :
                                        :
PLUMBERS AND PIPEFITTERS LOCAL      :
NO. 74 APPRENTICESHIP FUND,           :
PIPEFITTERS LOCAL UNION NO. 74        :
EDUCATIONAL/PAC FUND,               :
AND LOCAL UNION NO. 74 OF THE        :
UNITED ASSOCIATION OF JOURNEYMEN    :
AND APPRENTICES OF THE PLUMBING     :
AND PIPEFITTING INDUSTRY OF THE      :
UNITED STATES AND CANADA, AFL-CIO    :
(formerly Pipefitters Local No. 80)         :
3200 Old Capital Trial                  :
Wilmington, DE 19808                :
                      Plaintiffs,      :
                                        :

       v.                              :
                                        :
CARRIER CORPORATION               :
Carrier Parkway, Thompson Road        :
Syracuse, NY 13221                   :
                   Defendant.      :

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§185(a) or 1132(e)(2).

2.    A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3.    Venue lies in the District of Delaware under 29 U.S.C. §185(a) or 1132(e)(2).

## PARTIES

4.    Plaintiffs, Plumbers and Pipefitters Local Union No. 74 Annuity Plan, Plumbers and Pipefitters Local No. 74 Welfare Plan, Plumbers and Pipefitters Local Union No. 74 Pension Plan (formerly, the Pipefitters Local Union No. 80 and Employers Joint Pension Fund), Scholarship Fund of the Plumbers and Pipefitters Local Union No. 74, Plumbers and Pipefitters Local No. 74 Apprenticeship Fund (respectively, "Annuity Fund," "Welfare Fund," "Pension Fund", "Scholarship Fund", and "Apprenticeship Fund", and, jointly, "Funds"), are trust funds established under 29 U.S.C. §186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. §1002(37),(1),(2) and (3).  The Funds are administered from offices located at the address(es) listed in the caption.

5.    Plaintiff, Pipefitters Local No. 74 Education/PAC Fund ("PAC"), is an unincorporated association established pursuant to 2 U.S.C. §431 *et seq.* for the purpose of advancing the political interests of the members of the union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.  The PAC is administered from offices located at the address in the caption.

6.    Plaintiff, Local Union No. 74 of the United Association of Journeymen and

Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO (formerly Pipefitters Local No. 80) ("Union"), is an unincorporated association commonly referred to as a labor union, and is an employee organization that represents, for purposes of collective bargaining, employees of Carrier Services who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002(4), (11) and (12). The Union maintains its principal place of business at the address listed in the caption.

7.      Defendant, Carrier Corporation ("Company"), is a Delaware corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§1152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

8.      At all times relevant to this action, the Company for its Carrier Building Services branch was party to a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract").

9.      The Company for its Carrier Building Services branch also signed or agreed to abide by the terms of agreements and declarations of trust of the Funds ("Trust Agreements") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

10.      Under the Labor Contract or Trust Agreements, the Company for its Carrier Building Services branch agreed:

(a)      To make full and timely payments on a monthly basis to the Funds, Union and PAC as required by the Labor Contracts;

(b)      To file monthly remittance reports with the Funds, Union and PAC

3

detailing all employees or work for which contributions and work dues were required on the Labor Contract.

(c)     To produce, upon request by the Funds, Union and PAC, individually or jointly, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds, Union and PAC; and

(d)     To pay liquidated damages and costs of litigation, including attorneys' fees, expended by the Funds, Union and PAC to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

## COUNT I - AMOUNTS DUE UNDER CONTRACT - SUM CERTAIN

### FUNDS, UNION AND PAC

### v.

### COMPANY

11.     The allegations of Paragraph 1 through 10 are incorporated by reference as if fully restated.

12.     On information and belief, the Company owes the Funds, Union and PAC the sum of at least $9,786.34 as detailed on Exhibit 1.

13.     Despite request(s) for payment, the Company has not paid the Funds, Union and PAC as required by the Labor Contract or Trust Agreements.

**WHEREFORE,** Plaintiffs ask that the Court:

(1)     Enter judgment against the Company in favor of the Funds, Union and PAC individually for at least $9,786.34 plus any amounts which become due during the pendency of this lawsuit or as a result of an audit of Company's records together with interest, liquidated

damages and costs, including reasonable attorneys' fees incurred in this action or the collection

or enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or

appropriate.

## COUNT II - AMOUNTS DUE UNDER ERISA - SUM CERTAIN

### FUNDS

### v.

### COMPANY

14.     The allegations of Paragraph 1 through 13 are incorporated by reference as if fully

restated.

15.     On information and belief, the Company has failed to timely pay contributions,

interest and liquidated damages to the Funds in violation of 29 U.S.C. §1145 in at least the sum

of $9,786.34 as detailed on Exhibit 1.

16.     The Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** the Funds ask that the Court:

(1)     Enter judgment against the Company and in favor of the Funds, individually, for

$9,786.34 plus any amounts which become due during the pendency of this lawsuit or as a result

of an audit of Company's records together with interest at the rate prescribed by 26 U.S.C. §6621

from the due date for payment until the date of actual payment, liquidated damages equal to the

greater of the interest on the unpaid contributions or liquidated damages provided by the plan

document or statute and reasonable attorneys' fees and costs incurred in this action or the

collection or enforcement of any judgment as provided in the Trust Agreements and applicable

law.

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

### FUNDS, UNION AND PAC

v.

### COMPANY

17.    The allegations of Paragraphs 1 through 16 are incorporated by reference as if fully restated.

18.    The Funds, Union and PAC are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

19.    Computation of the precise amounts of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually required remittance reports submitted by the employer.

20.    There has been no audit of the Company's books and records.

21.    The Company is required by the Labor Contract, Trust Agreements or applicable law to permit the Plaintiffs to audit its records and to cooperate in determining the contributions due the Plaintiffs.

22.    The Plaintiffs have no adequate remedy at law for the calculation of any additional damages suffered as a result of the breach itself requires an audit.

23.    All conditions precedent to equitable relief have been satisfied.

**WHEREFORE,** the Plaintiffs ask that the Court:

(1)     Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### FUNDS, UNION AND PAC

### v.

### COMPANY

24.     The allegations of Paragraphs 1 through 23 are incorporated by reference as if fully restated.

25.     On information and belief, the Company has failed to make contributions and work dues payments to the Plaintiffs as required by the Labor Contract or Trust Agreements in a period not barred by any applicable statue of limitations or similar bar.

26.     On information and belief, the Plaintiffs have been damaged by the failure of the Company to make contributions as required by the Labor Contract or Trust Agreements.

**WHEREFORE,** Plaintiffs ask that the Court:

(1)     After an audit, enter judgment against the Company in favor of the Plaintiffs individually for the amount of contributions and work dues found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment as provided in the Labor Contract or Trust Agreements.

(2)     Grant such other or further relief, legal or equitable as may be just, necessary or

appropriate.

### COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

#### FUNDS

#### v.

#### COMPANY

27.     The allegations of Paragraphs 1 through 26 are incorporated by reference as if

fully restated.

28.     On information and belief, the Company has failed to make contributions to the

Funds in violation of 29 U.S.C. §1145 in a period not barred by any applicable statue of

limitations or similar bar.

29.     The Plaintiffs are without sufficient information or knowledge to plead the precise

nature, extent and amount of the Company's delinquency because the books, records and

information necessary to determine this liability are in the possession, control or knowledge of

the Company.

30.     On information and belief, the Funds have been damaged by the Company's

violation of 29 U.S.C. §1145.

**WHEREFORE,** the Funds ask that the Court:

(1)     After an audit, enter judgment against the Company in favor of the Funds

individually for the contributions found due and owing by the audit, together with interest at the

rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual

payment, liquidated damages equal to the greater of the interest on the unpaid contributions or

liquidated damages provided by the plan document or statute and reasonable attorneys' fees and

costs incurred in this action and in connection with any proceedings to enforce or collect any judgment.

(2)     Grant such or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI - INJUNCTION

### FUNDS

**v.**

### COMPANY

31.     The allegations of Paragraphs 1 through 30 are incorporated by reference as if fully restated.

32.     A money judgment or other remedy available at law is inadequate because the Company has shown its disregard of its contractual and legal obligations by a consistent pattern of delinquencies.

33.     Unless ordered to do otherwise by this Court, Company will continue to refuse to submit remittance reports and pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will suffer immediate, continuing and irreparable damage by, among other matters, the loss of investment earnings, the inability to properly determine eligibility and calculate benefits, and a substantial increase in the administrative costs of the Funds with a diminution of the assets otherwise available to pay benefits to company's employees and employees of other employers who fully and timely pay their contributory obligations.

34.     All other conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, the Funds ask that the Court:

(1)    Permanently restrain and enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them from continuing to violate the terms of the current collective bargaining agreement(s) between the Company and the Union and from violating such other collective bargaining agreements as may from time to time be entered by the said parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Funds for so long as the Company is contractually-required to do so.

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP

BY: _____
Timothy J. Snyder (No. 2408)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6645
Telefax: (302) 576-3336
Email: tsnyder@ycst.com

OF COUNSEL:
Sanford G. Rosenthal, Esquire
Shanna M. Cramer, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
(215) 351-0611/0674

Attorneys for Plaintiffs

Dated: MARCH 7, 2007

10

# EXHIBIT 1



**GEMGroup**

# Trustee Employer Status Report
# Plumbers & Pipefitters Local 74
## All Funds

19 February 2007                                                                                          Page 1 of 2

**Carrier Bldg Service**

| Sub Group | Invoice Number | Work Month | Postmark Date | Date Received | Description | Status | Liquidated Damage/ Interest | Discrepancy Amount |
|---|---|---|---|---|---|---|---|---|
| IND | 156509 | 02/2006 | 08/02/2006 | 08/04/2006 | Overage | | 0.00 | -24.06 |
| IND | 156510 | 02/2006 | 08/02/2006 | 08/04/2006 | Interest on Late Contributions | ATTY | 1,204.80 | 0.00 |
| IND | 156510 | 02/2006 | 08/02/2006 | 08/04/2006 | Liquidated Damages | ATTY | 3,952.23 | 0.00 |
| IND | 154764 | 05/2006 | 06/15/2006 | 06/19/2006 | Overage | | 0.00 | -3.74 |
| IND | 157008 | 07/2006 | 08/14/2006 | 08/16/2006 | Shortage | ATTY | 0.00 | 1,556.60 |
| IND | 158919 | 08/2006 | 09/14/2006 | 09/19/2006 | Overage | | 0.00 | -353.02 |
| IND | 162560 | 11/2006 | 12/12/2006 | 12/14/2006 | Shortage | ATTY | 0.00 | 1,730.56 |
| IND | 164002 | 12/2006 | 01/22/2007 | 01/24/2007 | Shortage | | 0.00 | 1,722.97 |
| | | | | | **Net Sub Total Discrepancy :** | | 5,157.03 | 4,629.31 |
| | | | | | **Total Net Discrepancy :** | | | 9,786.34 |



**GEMGroup**

# Trustee Employer Status Report
# Plumbers & Pipefitters Local 74
## All Funds

## Description Summary

| Description | Discrepancy Amount |
|-------------|-------------------:|
| Interest on Late Contributions | 1,204.80 |
| Liquidated Damages | 3,952.23 |
| Overage / Shortage | 4,629.31 |

| | |
|-------------|-------------------:|
| **Fund Total:** | **9,786.34** |

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

Plumbers and Pipefitters Local Union No. 74 Annuity Plan, Plumbers and Pipefitters Local Union No. 74 Health and Welfare Plan and Plumbers and Pipefitters Local Union No. 74 Pension Plan (formerly The Pipefitters Local Union No. 80 and Employers Joint Pension Trust Fund) and

Plumbers and Pipefitters Local No. 74 Apprenticeship Fund, Pipefitters Local Union No. 74 Education/PAC Fund, and Local Union No. 74 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO (formerly Pipefitters Local No. 80)

### DEFENDANTS

Carrier Corporation

**(b)** County Of Residence Of First Listed Plaintiff:  New Castle County, Delaware
(Except In U.S. Plaintiff Cases)

County Of Residence Of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys (Firm Name, Address, And Telephone Number)

Timothy J. Snyder, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6645

Attorneys (If Known)

### II. BASIS OF JURISDICTION   (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An X In One Box For Plaintiff And One Box For Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in This State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### V. NATURE OF SUIT   (Place An X In One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br><br>**PERSONAL INJURY**<br>☐ 362 Personal Injury - Med Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 U.S.C. 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl Ret Inc Security Act | ☐ 422 Appeal 28 U.S.C. 158<br>☐ 423 Withdrawal 28 U.S.C. 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 U.S.C. 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates, etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 U.S.C. 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br><br>**PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>Habeas Corpus<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition |  |  |  |

### IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. § 1145: Failure to make contributions to Funds and Union as required by both 29 U.S.C. § 1145 and relevant collective bargaining agreements.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
CLASS ACTION ☐ YES ☒ NO
DEMAND $
Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

### VIII. RELATED CASE(S) (See instructions) IF ANY

JUDGE: _____   DOCKET NUMBER: _____

DATE: March 7, 2007

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 7 - 1 3 5 -

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____2_____ COPIES OF AO FORM 85.

_3-7-07_
(Date forms issued)

(Signature of Party or their Representative)

JOHN D. RITTER
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action